UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
NICKOLA PIRINSKI,                   :          Honorable Madeline Cox Arleo
                                    :
    Plaintiff,                      :          Civil Action No. 11-3779 (SDW)
                                    :
    v.                              :          **REPORT AND RECOMMENDATION**
                                    :
TREASURY DEPARTMENT,                :
FINANCIAL MANAGEMENT,               :
                                    :
    Defendants.                     :
_____ :

**THIS MATTER** having come before the Court upon the motion of defendant, the United States Department of Treasury ("Treasury") to dismiss the complaint based on lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), or, alternatively, for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), (Dkt. No. 2), or for a more definite statement, pursuant to Fed. R. Civ. P. 12(e); and *pro se* Plaintiff Nikoli Pirinski ("Plaintiff") having submitted no opposition to the motion to dismiss; and the Court having considered only the moving papers submitted by Treasury in support of the motion; and having heard no oral argument, pursuant to FED. R. CIV. P. 78; and

    it appearing that, on May 26, 2011, Plaintiff filed the instant action in the Superior Court of New Jersey, Essex County, Law Division, Special Civil Part, against Treasury, seeking monetary damages; and

    it appearing that, on June 30, 2011, Treasury removed the action to this Court, pursuant to 28 U.S.C. § 1442; and

    it appearing that, pursuant to FED. R. CIV. P. 12(b)(1), a motion to dismiss for lack of subject

matter jurisdiction will be granted if "the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous,'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)); and

it appearing that Plaintiff has not asserted any basis for this Court's jurisdiction; and

it appearing that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584 (1941) (internal citations omitted); and

it appearing that absent a specific waiver of sovereign immunity, the courts lack subject matter jurisdiction over claims against the United States and its agencies, including Treasury; *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); and

it appearing that the Treasury, as a federal agency acting in its official capacity, is immune from suit absent an express waiver of sovereign immunity; *see Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); and

it appearing that Plaintiff in his complaint fails to assert that any express waiver of sovereign immunity is applicable to his claims; and

it appearing that the Court lacks subject matter jurisdiction over this action; and

it appearing that, when reviewing a motion under Rule 12(b)(6), the Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); and

it appearing that "[f]actual allegations must be enough to raise a right to relief about the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and that the Court is

not required to accept those allegations which amount to mere "unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino, Corp.*, 232 F.3d 173, 184 (3d Cir. 2000); see FED. R. CIV. P. 8(a)(2); and

it appearing that, while a court will accept well-pled allegations as true for the purposes of a 12(b)(6) motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions case in the form of factual allegations; *Morse*, 132 F.3d at 906 n.8; and

it appearing that, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (citation omitted); and the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2), *id.*; and

it appearing that, even if the Court liberally construes Plaintiff's complaint as it must, *see Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); and

it appearing that as best can be gleaned from Plaintiff's complaint, he alleges that Treasury illegally withheld a portion of his social security benefits, despite his having notified the Illinois Department of Human Services ("IDHS") that he does not owe any outstanding debt; and

it appearing that, although Plaintiff has named Treasury as the sole defendant, the allegations in his complaint focus primarily on the wrongful conduct of the IDHS in its effort to collect a false debt; and

it appearing that, Treasury does not have "any statutory authority over the debt, nor any role in determining whether or not the debt was valid or whether [] [Plaintiff's] benefit payment should be offset," *Johnson v. United States Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. Nov. 26,

2008); and

it appearing that once the IDHS certified the debt to Treasury, Treasury was legally obligated to offset Plaintiff's social security payment in satisfaction of the alleged debt, *Id.*; *see* 31 U.S.C. § 3716(c)(1)(A); 31 C.F.R. § 285.5(d)(6); and thus

it appearing that Treasury is not a proper party to this action,

**IT IS on this 9th day of December, 2011,**

**RECOMMENDED THAT** defendant Treasury's motion to dismiss for lack of subject matter jurisdiction be **GRANTED**, pursuant to Rule 12(b)(1), (Dkt. No. 2); and it is further

**RECOMMENDED THAT**, alternatively, Treasury's motion to dismiss for failure to state a claim be **GRANTED**, pursuant to Rule 12(b)(6); and it is further

**RECOMMENDED THAT** Plaintiff's complaint be dismissed; and it is further

**RECOMMENDED THAT**, in light of the Court's rulings herein, that, alternatively, the Treasury's motion to dismiss for a more definite statement, under Rule 12(e), be **DISMISSED AS MOOT**.

The parties have fourteen (14) days from the date hereof to file objections.

s/Madeline Cox Arleo  
MADELINE COX ARLEO  
United States Magistrate Judge

cc: Hon. Susan D. Wigenton, U.S.D.J.  
Clerk of the Court  
All Parties  
File